LUCY H. BROWN *vs.* JOHN J. O'BRIEN.

Norfolk. March 17, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Covenants not to cease with Discharge of Mortgage — Easement.*

Where, the debt secured by a mortgage being payable in five years, the mortgagor covenants with the grantee and his heirs and assigns that no building or part of a building shall be erected upon the granted premises for five years from the date of the mortgage, and that no building or part of a building erected thereafter upon the granted premises shall be more than two stories in height, and that these covenants shall be binding upon and available to heirs and assigns, and run with the land for the benefit of the adjoining land of the grantee, and in the condition it is further provided that, upon payment and other performance by the grantor, the deed, with the exception of the covenants above recited, shall be void; an intention is clearly manifested that the operation of the covenants shall not cease with the discharge of the mortgage, and the cove-

nant that the land shall not be used for buildings of over a certain height is in effect the grant of an easement in favor of the adjoining premises, the violation of which may be restrained.

BILL IN EQUITY, filed June 4, 1896, to restrain the defendant from the violation of the covenants of a mortgage deed. The case was submitted to the Superior Court, and, after a decree for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

On September 13, 1890, Sarah E. Lawrence was the owner in fee of the land shown as lots B, C, D, E, and F, on the subjoined plan. The defendant was the owner in fee of land adjoining the same, marked A, conveyed to him by said Lawrence by deed dated May 21, 1890, which deed contained no restrictions as to

the character of the buildings which the defendant might erec
on the land.    The defendant previously to September 13, 1890,
had erected on a part of his lot a three-story house, still stand-
ing.    On September 13, 1890, the defendant executed to Law-
rence a mortgage deed, which contained the following provision :
"And I do hereby, for myself and my heirs, executors, and ad-
ministrators, covenant with the said grantee and her heirs and
assigns, that no building or part of a building shall be erected
upon the granted premises for five years from the date of these
presents, and that no building or part of a building erected there-
after upon the granted premises shall be more than two stories
in height, or be placed within seven (7) feet of the line sepa-
rating the granted premises from other land of the grantee ;
these covenants shall be binding upon and available to heirs and
assigns, and are to run with the land hereby conveyed for the
benefit of said adjoining land of the grantee "; and in the con-
dition it was further provided that, upon payment and other
performance by the grantor, the deed, with the exception of the
covenants above recited, should be void.    On or about May 11,
1891, while the mortgage was in full force and effect, Lawrence
conveyed to the plaintiff lots D and E, which lots adjoined the
lot of the defendant marked A, by deed conveying a good title
in fee simple.    On September 13, 1895, the mortgage dated
September 13, 1890, was discharged.    At the time of this dis-
charge the estate of Mrs. Lawrence owned none of the adjoin-
ing land.    The plaintiff did not know of the discharge being
given until some time after it was given.    Before the defendant
began to erect his building upon his premises, he consulted with
counsel, who communicated with the plaintiff and asked her
whether, as owner of adjoining land, she had any objection
to his erecting a three-story dwelling-house upon his lot.    She
thereupon notified him that she did object to his erecting any
three-story building upon lot A, and the plaintiff at other times
before the building was erected notified and warned the defend-
ant not to erect a three-story building upon the premises, and
especially called his attention to the covenants in his mortgage
deed to Mrs. Lawrence, and requested him to observe the same.
A temporary injunction issued on June 4, 1896, restraining the
defendant from building any building on the premises above two

stories in height, the building complained of having been begun after March, 1896, and at the date of the temporary injunction was framed for the third story. On July 18, 1896, the temporary injunction was modified " so as to permit the respondent to complete the building begun by him, without prejudice to the complainant's rights, especially without prejudice to any right the complainant may have to have the building reduced in height." It was admitted that the defendant had erected a building of three stories and a half in height on lot A, and that such building cut off the light and air from the plaintiff's building on the adjoining lot more than a building of two stories in height would, and to that extent injured the use and value of the plaintiff's building, which was away from the street and in the rear of lot A; that on lot F and on lots B and C houses had been built by Mrs. Lawrence, all of two stories in height, with French roofs, and that there were no restrictions in the deeds of the lots given by her as to the character of buildings to be maintained thereon.

A decree was entered that the defendant be perpetually restrained from erecting any building on the premises in question of more than two stories in height, and that he should forthwith reduce the height of any building erected or placed on the premises since September 13, 1890, so that the same should not be more than two stories in height; and the defendant appealed to this court.

*J. R. Murphy,* for the defendant.

*A. H. Latham,* for the plaintiff.

ALLEN, J. Where an independent covenant is inserted in a mortgage, it does not necessarily expire with the payment and discharge of the mortgage, but it is a matter of construction whether it was intended to survive the mortgage or not. *Ober* v. *Brooks,* 162 Mass. 102. *Green* v. *Low,* 22 Beav. 625. In the present case, it is quite clear that the covenant was intended to survive. The debt secured by the mortgage was payable in five years. The mortgagor covenanted with the grantee and her heirs and assigns that no building or part of a building should be erected upon the granted premises for five years from the date of the mortgage, and that no building or part of a building erected thereafter upon the granted premises should be more

than two stories in height, and that these covenants should be binding upon and available to heirs and assigns, and run with the land for the benefit of the adjoining land of the grantee; and in the condition it was further provided that, upon payment and other performance by the grantor, the deed, with the exception of the covenants above recited, should be void. This clearly shows an intention that the operation of the covenants should not cease with the discharge of the mortgage.

The covenant that the land should not be used for buildings of over a certain height was in effect the grant of an easement in favor of the adjoining premises, the violation of which by the defendant was rightly restrained. *Chase* v. *Walker*, 167 Mass. 293. *Ladd* v. *Boston*, 151 Mass. 585. *Hogan* v. *Barry*, 143 Mass. 538.                                         *Decree affirmed.*