## GEORGE H. NEWMAN *v.* EMORY H. NASH ET AL.

Berkshire, December, 1906.

*Restrictions — General Scheme — Personal Agreement.*

The petitioner in this case claims title to a lot of land at the corner of North st. and Maplewood ave. in Pittsfield, under a deed in which certain restrictions were placed upon the property, which restrictions he claims are no longer in existence or enforceable. The respondents say that the restrictions were imposed for the benefit of their estates, and that the petitioner's land must be registered subject to them.

The entire property in question constitutes a portion of the former "Maplewood" school property situated on the easterly side of North st. in Pittsfield. The principal portion of this estate, constituting all of the property now in controversy, was acquired in 1867 by one Spear. Shortly prior to 1882 Mr. Spear built a street, now called Maplewood ave., through the property from North st. to First st., and began to sell off the strip on the south side of the avenue for house lots. He himself removed to Ohio and placed the property in the hands of the respondent Nash as his real estate agent. He instructed Mr. Nash that all of the lots on the south side of Maplewood ave. were to be sold for strictly residential purposes, and with a setback for the dwelling houses to be erected there, of 33 feet. All of the lots on the southerly side of Maplewood ave. were sold for Mr. Spear by Mr. Nash, and each purchaser was informed by him of these terms. In each deed the phraseology varied in regard to the restrictions, but they all contained some provision for a set back of "at least thirty" or of thirty-

three feet from the south line of Maplewood ave. The peti-
tioner's lot is situated on the corner of Maplewood ave. and
North st. There was one lot situated on North st. only,
immediately south of the land now of the petitioner, and
the deed of that lot provided for a setback from North st.
The lot on the corner of Maplewood ave. and First st. was
sold with a provision for a set back from Maplewood ave.
but none from First st. The land on the North side of
Maplewood ave. was sold without any restrictions.

In the latter part of January said Nash negotiated sales
of the three remaining lots, including that of the petitioner,
with the same understanding as to dwelling houses and set
back, and with a further statement to the purchaser of the
lot now of the petitioner that Mr. Spear did not want any
barn built up against the house then belonging to one Hub-
bell and next adjoining the petitioner's lot on Maplewood
ave. The deeds were all drawn together, forwarded to Mr.
Spear in Ohio, executed and acknowledged by him under
one date, and returned together to Mr. Nash for delivery.
The deed of the petitioner's lot contained this provision,
" It is one of the conditions of this conveyance that no barn
shall be built on said land, and that the dwelling house to
be erected thereon shall be set not less than 33 feet south
of the south line of said avenue and not less than 40 feet
east of the east line of North st." Barns have been erected
on all the lots on the south side of Maplewood ave. except
the petitioner's. Mr. Spear is now dead, having, before his
death, sold all of his " Maplewood " lands.

Whether given restrictions constitute equitable restrictions
which can be enforced in favor of persons other than the
grantor, does not depend sometimes so much upon the tech-
nical form of the provisions in question, or upon the exact
status of the legal title, as upon purely equitable considera-
tions based upon the intent of the parties and the circum-
stances under which the respective titles are conveyed. It

is oftentimes practically a matter of estoppel. Where one has taken his land subject to a provision in regard to its use, which is either made expressly for the benefit of other land of the grantor so as to constitute an equitable easement running with the land, or which it is apparent from the circumstances of the case, or from the record, has been made in pursuance of a general scheme or prior agreement entered into by the grantor for the benefit of other lands then owned by him, and has constituted a part of the consideration for the acquirement of such lands from the common grantor by intervening purchasers, equity will not permit the grantee to use his land in violation of the terms of his deed, but will enforce them in favor of such intervening purchasers, whether the terms are expressed in the form of an agreement, covenant, common law condition or ordinary restriction. Whitney v. Union Railway, 11 Gray 359; Parker v. Nightingale, 6 Allen 341; Peck v. Conway, 119 Mass. 546; Hopkins v. Smith, 162 Mass. 444; Bacon v. Sandberg, 179 Mass. 396; Wilson v. Mass. Inst. of Technology, 188 Mass. 565, 581; Goldberg, Petitioner, Land Court Decisions, p. 117, *ante*. In the case at bar there was nothing in the record title in regard to the erection of a barn, nor was there any agreement in fact in regard to the matter except in the deed of the petitioner's lot and the statement of the grantor's agent that it had reference to the adjoining Hubbell lot. So far as this was intended for the benefit of the Hubbell lot, it was an attempt to create a restriction for the benefit of a third party, and was therefore invalid. Edwards Hall Co. v. Dresser, 168 Mass. 136; Hazen v. Matthews, 184 Mass. 388. As to the set back on North st. also, there is nothing in the record to indicate that it formed part of any agreement or general scheme on the part of Mr. Spear for the benefit of his Maplewood property. The scheme was one which related to Maplewood ave. only. In the deed of the other lot fronting on North st., there had been a clause

providing for a set back from that street, but in the deed of the lot on the corner of First street the only set back was from Maplewood ave. Slight variance in the language or terms of the different deeds in which the common grantor had inserted provisions in pursuance of a prior agreement or general scheme, or even the omission in a few of the deeds to insert any provisions, will not render the restrictions, when expressed, ineffectual or unenforceable in favor of those lands for whose benefit they were granted. Bacon v. Sandberg, 179 Mass. 396. On the other hand a mere agreement, for the creation of restrictions, which is not carried out, will not bind a subsequent grantee. It was in the power of the prior purchasers to have had proper stipulations as to the method of use of the grantor's remaining land inserted in their own deeds, if they had so desired. Loehr, Petitioner, Land Court Decisions, p. 46, *ante;* McCusker v. Goode, 185 Mass. 607. The provisions for a set back from North st., like that in regard to the barn, in the absence of anything in the grant itself, or in the circumstances or situation at the time of the grant to make it manifest that the restriction was in pursuance of any prior agreement by which those taking title under the grantor should in equity be bound, must be construed to be a personal agreement with the grantor, which cannot now be enforced. Badger v. Boardman, 16 Gray 559; Jewell v. Lee, 14 Allen, 145; Sharp v. Ropes, 110 Mass. 381; Lowell Inst. for Sav. v. Lowell, 153 Mass. 530; Clapp v. Wilder, 176 Mass. 332; Welch v. Austin, 187 Mass. 256.

The provisions for a set back from Maplewood av., however, not only were a part of a general scheme, as a matter of fact, but clearly so appear from the deeds themselves which form a part of the record title under which the petitioner claims. The provision was one that formed a part of a scheme for the opening up of this tract of land for residential purposes, and which contemplated, and also ex-

pressly provided for, the erection of dwelling houses on the land, which dwelling houses should set back 33 feet from the avenue. Neither the language nor the intent of the parties, however, can fairly be construed to go beyond the erection of the first building. In most of the deeds this explicitly appears: — " the dwelling house to be erected on said land shall set . . . ," " shall erect a dwelling house which shall set . . . ," " for the purpose of erecting a dwelling house thereon which is to be located . . . ," etc. The restriction is limited to the first house erected on the granted premises, being the one that is now standing there. Baptist Social Union v. Boston University, 183 Mass. 202; American Unitarian Society v. Minot, 185 Mass. 589; Welch v. Austin, 187 Mass. 256.

Decree for petitioner, subject to the restriction for the benefit of the lands of the several respondents that the dwelling house now standing thereon shall set back at least 33 feet from the southerly line of Maplewood ave.

Pingree, Dawes & Burke, for petitioner.

Noxon & Eisner, for respondent.