PETER J. MAHON & another *vs.* JOHN TULLY.

Suffolk.    April 11, 1923. — June 7, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice*, Master's report.    *Way*, Private.    *Easement.*

If exceptions to a report of a master, who heard a suit in equity under a rule of reference which did not require him to report the evidence, relate only to a failure of the master to state evidence and to annex to his report a copy of a plan used at the hearing before him, the exceptions properly may be overruled.

In a suit in equity begun in 1921 to enjoin the defendant, who owned land adjoining land of the plaintiff on the east, from using an alleged right of way over the plaintiff's land for the travel of automobiles from a public way to and from a four car garage being erected on the defendant's premises, the following facts appeared: The owner in 1865 of the land of the defendant and of the easterly portion of that of the plaintiff had the right of way over land adjoining his land on the west to the public way and in that year conveyed the portion of his land which subsequently came to the plaintiff by a deed reserving to himself and his heirs " a right of way " in the way above described. A subsequent grantee of that parcel in 1885 obtained title to the property adjoining it on the west by a deed which recited that the conveyance was subject to a right of way over the same for the use of the estates " in the rear " of said premises as the same existed on December 2, 1872, and this parcel as well as the first conveyed by the common grantor as above described came to the plaintiff by deeds stating that each conveyance was subject to the right of way. The way had been in continuous use. The suit was dismissed and the plaintiff appealed. *Held,* that

(1) The deed of 1865 did not destroy the easement as to the parcel which was retained by the owner and which subsequently was conveyed by mesne conveyances to the defendant;

(2) The language of the deed of 1885 to the plaintiff's predecessor in title bore upon its face proof that such right had been created by a grant and that it was not the result of adverse use continued over the statutory period of limitations, which expired on December 2, 1872;

(3) The grant or reservation, being, so far as the evidence disclosed, in the most general terms without restriction or limitation, was of a right of way for every reasonable use to which the dominant estate might be devoted, which use might vary from time to time with what was necessary to constitute full enjoyment of the premises;

(4) Such a way was not limited to the purposes for which the dominant estate was used at the time the way was created;

(5) The proposed use of the way did not exceed the rights granted and reserved;

(6) The suit properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on August 12, 1921, to restrain the defendant from alleged continuing trespasses upon land° of the plaintiffs under a claim of a right of way. The suit was referred to a master. Material facts found by the master and exceptions by the plaintiffs to the report are described in the opinion. The suit was heard by *Sanderson,* J., upon the master's report and the plaintiffs' exceptions thereto, and by his order there was entered an interlocutory decree overruling the exceptions and confirming the report. By order of *Wait,* J., a final decree was entered dismissing the bill. The plaintiffs appealed from both decrees.

The case was submitted on briefs.

*J. J. O'Hare,* for the plaintiffs.

*R. M. Walsh,* for the defendant.

PIERCE, J. This is a bill in equity wherein the plaintiffs seek to have the defendant restrained from passing over their land with trucks, teams, automobiles or other vehicles. In the Superior Court the bill was dismissed after an interlocutory decree confirming the master's report and overruling the exceptions of the plaintiff thereto. The exceptions taken to the master's report relate to the failure of the master to state evidence as requested and to his failure to annex a plan used in evidence to such report. These exceptions were overruled properly. *Haskell* v. *Merrill,* 179 Mass. 120. *Marra* v. *Bigelow,* 180 Mass. 48. *Cook* v. *Scheffreen,* 215 Mass. 444. The case is therefore before this court for consideration upon the appeal of the plaintiffs from the final decree.

The material facts shown by the master's report in substance are as follows:

The plaintiffs and defendant own two contiguous parcels of land in Boston, fronting on Savin Hill Avenue. The two parcels are southeasterly of Savin Hill Avenue and the defendant's lies easterly of the plaintiffs' land. The frontage of the two parcels is a continuous curve and the form of the plaintiffs' land is substantially a triangle.

The defendant's land and the easterly part of the plaintiffs' land were formerly owned by one Sarah Baker. By

deed dated July 1, 1865, Sarah Baker conveyed to Stephen
R. Sheldon and Ellen Sheldon (his wife) a parcel of land
situated on the southerly side of Savin Hill Avenue contain-
ing five thousand forty-four square feet. This lot consti-
tutes the easterly part of the plaintiffs' land and adjoins
the defendant's land, which was a part of the Baker land
before the sale of Baker to the Sheldons. The deed contains
the following reservation: "reserving to myself and my
heirs and assigns a right of way near the Southerly side of
the house as heretofore enjoyed across the land hereby
conveyed to my house and land Easterly of the same."

By deed dated December 11, 1884, George A. Sawyer,
as administrator of the estate of Ellen Sheldon, under a
license of the court conveyed to Mary F. Sparrow, wife of
John Sparrow, this same parcel of land. This deed contains
the following: "Subject to the right of way if any now exists
near the Southerly side of the house across said land to house
and land formerly of Sarah Baker." On December 18,
1885, Mary F. Sparrow acquired title by deed from the
city of Boston to a parcel of land between the westerly
boundary of the premises granted in the Baker deed to the
Sheldon's and Savin Hill Avenue. This deed contains the
following clause: "Said premises are hereby conveyed
subject to a right of way over the same for the use of the
estates in the rear of said premises as the same existed
December 2, 1872." These two parcels so acquired by Mary
F. Sparrow made up a parcel triangular in shape having a
frontage on Savin Hill Avenue one hundred thirty-seven
and five tenths feet, and an easterly side line of one hundred
seventeen and eight tenths feet adjoining the defendant's
land.

On April 30, 1920, Mary F. Sparrow conveyed both of the
parcels to Peter J. Mahon and Agnes F. Mahon. After
the description of the first parcel the following language
appears: "subject to a right of way if any now exists near
the Southerly side of the house across said land to house and
land formerly of Sarah Baker;" and after the description
of the second parcel, being the parcel acquired from the city
of Boston, appears the following language: "said premises

are hereby conveyed subject to a right of way over the same for the use of the estates in the rear of said premises as the same existed December 2, 1872."

On the rear of the plaintiffs' land and southerly of the way hereinafter referred to are two wooden sheds formerly used as a barn and a carriage shed and lately let by the plaintiffs for keeping or storing automobiles. Prior to the erection of the present house on the plaintiffs' land, there stood for many years an old cottage house which was torn down to allow the erection of the present house. The present house while covering a somewhat larger area is erected on substantially the same location. The old cottage house faced toward the south and on the passageway in question, the passageway passing very close to the cottage. The way leads easterly from Savin Hill Avenue and extends across the land now owned by the plaintiffs to land now of the defendant. The cottage stood within a few feet of the boundary line between land now of the plaintiffs and land now of the defendant. An ancient cottage house still standing on the land of the defendant also is close to the boundary line between the two estates, so that the two cottages formerly stood side by side. The master finds " that this way extending across land of the plaintiffs has been in existence for more than fifty years and has been and now is a clearly defined way and has been considered, and treated by the owners of the dominant and servient estates as the way referred to in the title deeds; " that " this way was used by the defendant and his predecessors in title for over fifty years as the means of going to and from the old cottage and barn, and until the removal of the ledge on the front of the defendant's land about 1897 it was the only means of access to said cottage and the barn." He further finds " that the defendant and his predecessors in title have used the said way under a claim of right and without any objection or interference by the owners of the servient estate for more than fifty years for all purposes for which it was found desirable to use it in connection with the ownership and occupation of the houses and barn on his property and that these uses included from time to time, besides travel

on foot, the driving of vehicles up over the said way such as grocery wagons, coal wagons, express wagons, visitors in carriages, wagons carrying feed, manure, etc., to and from the barn, building materials, and for every other purpose for which it was found desirable to use the same. After the advent of automobiles for short periods of time one or two automobiles were kept by a friend and neighbor in the old barn in the rear of the defendant's land without charge." The master states: " I find nothing which indicates that the defendant or his predecessors in title ever abandoned any right which they may have acquired in said passageway."

In May or June, 1921, the defendant applied for a permit to erect a garage for four cars on the rear of his lot. He informed the plaintiffs of his intention to erect a garage and the plaintiffs expressed no objection thereto until they learned that it was the intention of the defendant to use the way over the rear of their land as a means of going to and from the said garage. " The plaintiffs informed the defendant that they would object to the use of the way as a means of going to and from the garage as they disputed the defendant's right to use it for that purpose. . . . The plaintiff appeared at the hearing at the street commissioners on the application for a permit to erect the garage, chiefly because of their objection to the use of that way over their land as a means of going to and from the garage." The defendant received the permit and shortly thereafter started the erection of a brick garage to accommodate four cars, which garage is very near completion. It is erected on the extreme rear of the defendant's land and in the rear of the house on his land; and it is the intention of the defendant to use the way over the plaintiffs' land for automobiles going to and from the garage.

Before Sarah Baker conveyed to the Sheldons in 1865, there was a way over the land conveyed in 1885 by the city of Boston to Mary F. Sparrow, the predecessor in title of the plaintiffs. This way was appurtenant to the entire estate of Sarah Baker and extended from the westerly boundary thereof to Savin Hill Avenue. It is the contention of the plaintiffs that the right of way appurtenant, with termini

on Savin Hill Avenue and on the premises granted to Sheldon by Baker in deed of July 1, 1865, ceased to exist in consequence of the unity of ownership of the servient and dominant estates, when Mary F. Sparrow acquired the Sheldon land in 1884 and acquired the servient estate in 1885. They posit this statement upon the premise that when Sarah Baker conveyed to the Sheldons that portion of the Baker land on which the right of way appurtenant had one of the termini, " the right of way appurtenant ceased to be appurtenant to the portion of the Baker land retained by Baker (grantor) and continued appurtenant solely to the premises granted to Sheldons on which was one of termini of said right of way."

The argument is unsound. The easement before the conveyance in 1865 was appurtenant not alone to the parcel to which one of its termini was directly attached, but was appurtenant to the whole lot and to each and every part of it. The deed of Baker to the Sheldons in 1865 did not destroy the easement as appurtenant to the land retained by Baker or deprive it of the benefits of that easement in so far as there might exist means for its enjoyment. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292. *Boland* v. *St. John's Schools*, 163 Mass. 229. *Graham* v. *Walker*, 78 Conn. 130, 134. *C. B. Alling Realty Co.* v. *Olderman*, 90 Conn. 241. *Seidler* v. *Waln*, 266 Penn. St. 361; 8 A. L. R. 1363, 1368 note. In the present case such means existed over the right of way reserved in the Baker deed to her heirs and assigns across the land conveyed to the Sheldons. Indeed, the reserved interest in the land was such that one of the termini of the appurtenant easement reached the right of way reserved. This was sufficient. The origin of the right of way from the land of Sarah Baker to Savin Hill Avenue is not disclosed by the master's report, but we think the fact that the conveyance from the city of Boston to Mary F. Sparrow makes such conveyance " subject to a right of way over the same for the use of the estates in the rear of said premises as the same existed December 2, 1872," bears upon its face proof that such right was the creation of a grant and is not the result of adverse uses continued over the

statutory period of limitations, which expired on December 2, 1872.

With the easement from the land of the defendant to Savin Hill Avenue arising from a grant or reservation and not by prescription, the measure of that right is its availability for every reasonable use to which the dominant estate may be devoted, and this use may vary from time to time with what is necessary to constitute full enjoyment of the premises. The reservation and the grant, so far as any evidence discloses, are in the most general terms without limitation or restriction. Such a way is not limited to the purposes for which the dominant estate was used at the time the way was created. *Crosier* v. *Shack,* 213 Mass. 253. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273. *Randall* v. *Grant,* 210 Mass. 302, 304. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381. We do not think the proposed use of the easement exceeds the rights granted and reserved. It follows that the bill was dismissed rightly with costs.

*Decree affirmed with costs.*