# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

BOSTON AND ALBANY RAILROAD COMPANY & another
*vs.* KEEVER FREEDMAN.

Suffolk.   March 19, 1925. — May 23, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Easement.   Eminent Domain.   Estoppel.   Way*, Private.

A railroad company which owned land bounded by a private way forty
feet wide with a right of way over it in common with other abutting
owners, by right of eminent domain took one half of the width of the
way, measured by metes and bounds, and "all rights of way and other
easements and rights of way described in said parcels of land." *Held*,
that
  (1) Such taking did not extinguish the right of the railroad company
to insist upon a right of way in common with other abutting owners
over the remaining twenty feet of width of the way;
  (2) The railroad company by a suit in equity could compel an owner
of land abutting on the remaining twenty feet of the way to remove a
fence which he had built into that twenty feet;
  (3) The railroad company was not precluded from maintaining such
suit by the fact that, after the defendant built his fence, it leased to
owners of other land on the way rights to use, for the maintenance
thereon of structures which in part obstructed the way, portions of the
land which was subject to the right of way.

BILL IN EQUITY, filed in the Superior Court on February
13, 1924, to require the defendant to remove a fence alleged
to be an unlawful obstruction to the plaintiff's use of a pri-
vate way known as Elm Street in Chelsea.

In the Superior Court, the suit was heard by *Morton*, J. It appeared that Elm Street in 1916 was a private way forty feet wide, crossing Maple Street in Chelsea and running northwesterly therefrom to a dead end at land of the plaintiff Boston and Albany Railroad Company. The plaintiffs were the owner and the lessee respectively of land on the northeasterly side of the way. The defendant's predecessor in title owned land on the southwesterly side of the way. In that year the plaintiff Boston and Albany Railroad Company "took by eminent domain a strip of land twenty feet wide, comprising the northeasterly half of Elm Street, for a distance of three hundred sixty and sixty-one hundredths feet northwesterly from Maple Street, and comprising also the whole of the street from that point northwesterly to the end of the street at the railroad tracks. This location described the land thus taken by metes and bounds and included 'all rights of way and other easements and rights of way described in said parcels of land . . . ,' with exceptions not now material." Thereafter the defendant acquired his land and in 1922 built into the remaining twenty feet in width of the way in front of his land a fence ten feet high so as to enclose as a part of his yard a portion of the way eight and sixty-four one hundredths feet wide at one end and seven and four tenths feet at the other.

Other owners of land on the same side of the remaining half of the way had built encroachments into the way, the plaintiff lessee leasing to them all its right in the land so covered. Before the filing of the bill, the plaintiff lessee offered a similar lease to the defendant at an annual rental of $10. The offer was refused.

At the time of the filing of the bill, the portion of the private way in question was open for travel northwesterly from Maple Street a distance of about one hundred and ninety feet, or to a point about ten feet beyond the northwesterly side of the defendant's land, except so far as it was obstructed by the defendant's fence; and was actually used by patrons of the railroad company as an approach to the railroad yard on the north.

By order of the judge, a final decree was entered granting the relief sought. The defendant appealed.

*H. Bergson,* for the defendant.

*W. L. Parsons,* for the plaintiffs.

CARROLL, J. This suit in equity, to compel the removal of a fence constructed on Elm Street, Chelsea, in which street the plaintiff claims a right of way, is in this court on the defendant's appeal from a decree directing him to remove that part of the fence which encroaches on Elm Street.

The Boston and Albany Railroad Company is the owner, and the New York Central Railroad Company, the lessee, of land adjacent to Elm Street. The defendant owns the land on the opposite side of the street. The Boston and Albany Railroad Company acquired title in 1908, by deeds in which the land was described as bounded southwesterly by Elm Street, which was shown on the plan referred to in the deeds as forty feet wide. At this time Elm Street was open and used as a street for a portion of the distance where it abutted the land conveyed to the railroad. In 1916 the Boston and Albany Railroad Company took by eminent domain a strip of land twenty feet wide, comprising the northeasterly half of Elm Street. The southwesterly half of the street along the land now owned by the defendant was not included in the location or taking. In 1919 the defendant acquired title to the land on the southwesterly side of Elm Street, taking an assignment from the former owner of his claim against the railroad company for the taking; and in 1920, for a consideration paid, he released the plaintiffs from all claims for damages arising from the railroad company taking. In 1922 the defendant built a fence projecting from his land into the half of Elm Street not covered by the railroad location. The main contention of the defendant is that the Boston and Albany Railroad Company, by taking one half of the street by eminent domain, lost its right in the remaining twenty foot strip; that the easement in the portion of Elm Street not within the railroad location was extinguished by the taking.

When the railroad company took the northeasterly half of Elm Street by eminent domain, the easement in the portion of the street not so taken, remained. The right to the use of Elm Street forty feet wide was appurtenant to the

whole parcel of land conveyed to the railroad company in 1908. The right was not appurtenant merely to that portion of the land abutting or adjoining the street. The easement attached to the whole tract. *Mahon* v. *Tully,* 245 Mass. 571, 576. The easement was not lost by taking a portion of Elm Street. The portion not included in the taking was subject to the easement, and this easement was appurtenant to the plaintiff's land. As stated in *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, 10, 11, "Nor was the easement as thus defined extinguished by the taking of a portion of the way in width at the point where it came within the limits prescribed by the decree in the proceedings for the changes in the location of the railroad. Its extinguishment would have followed as to the part taken, if the entire space had been appropriated."

The plaintiffs had the right to use the remaining part of Elm Street. They were deprived of their right of way therein by the fence erected by the defendant, and its removal was ordered properly. We find nothing inconsistent with this decision in *Weeks* v. *Grace,* 194 Mass. 296, 299, and *Emery* v. *Boston Terminal Co.* 178 Mass. 172, cited on the defendant's brief. The plaintiffs are not estopped to claim the easement in the street because of the fact that in 1923 the New York Central Railroad Company gave a lease of its right in a part of Elm Street to the Kay Manufacturing Company and to Israel Ribock, who are owners of the land on the street and have built platforms and side tracks within the street in front of their land. As we understand the finding of the judge, the portion of Elm Street within which the railroad company gave a lease of its right, is northwesterly of the defendant's land. The defendant built the fence in 1922. The lease was not given until 1923. There could be no estoppel by this act in giving the lease subsequent to the defendant's encroachment on the way. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. *Nelson* v. *Wentworth,* 243 Mass. 377, 379. *A. W. Dodd & Co.* v. *Tarr,* 251 Mass. 189.

The plaintiffs were entitled to an injunction requiring the defendant to remove the fence.

*Decree affirmed with costs.*