KAKAS BROS. CO. *vs.* SADIE KAPLAN & others.

Suffolk.    February 1, 1954. — April 7, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Easement. Real Property,* Reservation. *Deed,* Reservation.

A provision in a deed executed in 1853 by trustees of a religious corporation, conveying the rear portion of a lot upon the front portion of which the corporation's church was located, "saving and reserving to us Trustees as aforesaid for the benefit of said adjoining Church estate the right that no new outbuildings, or other structure shall ever be erected on" a specified part of the land conveyed "which shall be higher than" a designated point on "said Church," without technical words of inheritance, was in the circumstances a reservation of an easement of light and air, not limited to the lives of the trustee grantors and not created for the benefit of the church structure only,

but appurtenant permanently to the front portion of the lot, however, that portion might be used, and was binding on one who acquired title to the servient estate almost one hundred years later and long after the church building had been removed from the front portion of the lot.

BILL IN EQUITY, filed in the Superior Court on July 19, 1948.

The suit was heard by *Hanify,* J.

*Ralph S. Bernard,* (*Abraham O. Spigel* with him,) for the plaintiff.

*Saul Andelman,* for the defendants, submitted a brief.

RONAN, J. This a bill filed under G. L. (Ter. Ed.) c. 231A by the owner of a parcel of land on Chauncy Street in Boston against the defendants Kaplan, the owners of an adjoining parcel of land, a mortgagee bank, and various tenants of the Kaplans, seeking a determination whether the plaintiff's land is subject to an easement of light and air for the benefit of the Kaplan lot. The suit was submitted to the Superior Court upon a statement of agreed facts together with certain documents.

In 1849, the Rowe Street Baptist Church Society, a religious corporation, conveyed to Holmes Ammidown and others as trustees of the said society an entire tract of land bounded on the west by Chauncy Street and on the north by Bedford Street in Boston. The trustees in 1853 conveyed to one Perrin the southerly portion of said tract now known as 70–72 Chauncy Street by a deed duly recorded, which contained the following provision, "and saving and reserving to us Trustees as aforesaid for the benefit of said adjoining Church estate the right that no new outbuildings, or other structure shall ever be erected on the back part of the land hereby conveyed within thirty-eight feet of said back passage way which shall be higher than a point two feet six inches below the bottom of the Cap of the Vestry windows, in said Church." The society's church was then located upon the remaining corner lot of the society which adjoined the parcel conveyed to Perrin. The plaintiff in 1946 became the owner through mesne conveyances of the premises conveyed to Perrin subject to any reservations or restrictions

contained in the deed to Perrin as they were purported to
be amended and as also described in a document dated June
26, 1880, and duly recorded "so far as same are now in force."

The trustees subsequent to the conveyance to Perrin
reconveyed the remaining land to the society which in
1867 conveyed that land to one Wellington. This parcel
is now known as 60–68 Chauncy Street and is owned by
the defendants Kaplan. Wellington removed the church
building in 1880. He recorded an instrument dated June
26, 1880, above mentioned, to perpetuate the evidence of
two persons that a certain sheet of copper in the face of
the wall of the new six story building which was erected
upon the site of the church in 1880 designated the elevation
of the point two feet six inches below the bottom of the
cap of the vestry windows in the old church building.

A five story brick building was erected in 1890 upon the
front part of the land now owned by the plaintiff. The
rear building on this lot is one story in height. It stands
in the area covered by the reservation in the deed to Perrin.
There is no contention made that it does not comply with
said reservation or that it may be affected by the instru-
ment of June 26, 1880. The plaintiff desires to build above
this one story building. The six story building of the de-
fendants Kaplan is occupied by various lessees engaged in
different types of manufacturing. Some of the windows in
the southerly wall of their building face the area above the
one story building of the plaintiff.

Certain fire escapes project from the side of the Kaplan
building above the roof of the one story building. They
have been so maintained openly, continuously, and ad-
versely for more than twenty-six years.

The plaintiff appealed from a final decree adjudging that
the reservation in the deed to Perrin, and as described in
the instrument of June 26, 1880, was in full force and effect
and exists for the benefit of the Kaplan land, and that an
easement by prescription to maintain the fire escapes exists
for the benefit of the Kaplan land.

The plaintiff does not question the correctness of the

decree so far as it concerns the fire escapes. Neither does
it raise any question that an easement of light and air was
created by the reservation in the deed of the trustees to
Perrin. It argues that the location of the escapes would
not prevent it from erecting additional stories to its rear
building. It contends that the reservation in the convey-
ance to Perrin was a personal restriction existing only
during the lives of the respective trustee grantors, that in
any event the reservation was for the benefit of the church
structure, and that consequently the easement terminated
in 1880 when the building was removed.

As the law stood at the time of this conveyance, it was
generally held that a right in land created by a reservation,
being a new right which then came into existence and which
the grantor did not previously possess, was in effect a re-
grant from the grantee to the grantor. It was necessary to
include words of inheritance if the right reserved was to
extend beyond the life of the grantor. *Ashcroft* v. *Eastern
Railroad,* 126 Mass. 196. *Bean* v. *French,* 140 Mass. 229.
*McDermott* v. *Dodd,* 326 Mass. 54, 56. See now G. L. (Ter.
Ed.) c. 183, § 13. The grantors in the Perrin conveyance
were acting only in their capacity of trustees for the church
corporation, and the conveyance was made in carrying out
the purposes of the trust and incidentally to secure an ad-
vantage for the benefit of the corporation by securing for
the church lot an easement of light and air over the granted
premises. The trust was not coterminous with the lives of
the grantors. Indeed, it appears that one of the trustees
had died before the remaining property was reconveyed to
the church corporation in 1867. It was well established at
the time of the conveyance that words of inheritance were
not required to create an easement in fee by a reservation
in a deed given by trustees where the performance of their
duties might call for a legal estate beyond their respective
lives. *Stearns* v. *Palmer,* 10 Met. 32, 35–36. *Gould* v.
*Lamb,* 11 Met. 84, 86–87. *Cleveland* v. *Hallett,* 6 Cush.
403, 407. *King* v. *Parker,* 9 Cush. 71, 81. *Attorney General*
v. *Federal Street Meeting-house,* 3 Gray, 1, 48,

The real question presented is the duration of the ease-
ment. The deed to Perrin must be construed to give effect
to the intention of the parties as shown by the words em-
ployed, construed with reference to the attending circum-
stances known to them at the time the deed was executed.
*Crocker* v. *Cotting,* 181 Mass. 146, 151. *Bessey* v. *Ollman,*
242 Mass. 89.

Where the minds of the parties were entirely centered
upon the set-back, the materials, the height, the number
and location of windows, a flat or curved front, the character
and extent of projections such as piazzas and bay windows
and other details, it has been held that restrictions covering
such particulars apply to the first and not to successive
structures. *Hubbell* v. *Warren,* 8 Allen, 173. *Boston Baptist
Social Union* v. *Boston University,* 183 Mass. 202. *Ameri-
can Unitarian Association* v. *Minot,* 185 Mass. 589. *Welch*
v. *Austin,* 187 Mass. 256.

An easement may attach to a building for the benefit of
adjoining land or an easement in land may be created for the
benefit of a building, and in either case the easement will
terminate upon the destruction of the building enjoying
the easement or of the one which was subject to the easement.
*Cotting* v. *Boston,* 201 Mass. 97, 101–102. *Union National
Bank* v. *Nesmith,* 238 Mass. 247. *Ansin* v. *Taylor,* 262
Mass. 159, 164. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty
Corp.* 284 Mass. 100. *Hurley* v. *Guzzi,* 328 Mass. 293. *Sorel*
v. *Boisjolie,* 330 Mass. 513. *Lippitt* v. *Weenat Shassit Asso-
ciation,* 52 R. I. 100. *Hopkins The Florist, Inc.* v. *Fleming,*
112 Vt. 389.

We do not think that the easement now in question was
created for the benefit of the church structure. The corpo-
ration had transferred the realty to trustees. The surviving
trustees had succeeded in finding a purchaser for what was
really the rear portion of the front corner lot upon which
the church was located, and when a purchaser was found
for the front lot some fourteen years after the conveyance
to Perrin, the surviving trustees at the request of the church
corporation reconveyed to it the front lot. The inference is

plain that, at the time of the conveyance to Perrin, any further occupancy of the corner lot for the purposes of the church was of uncertain tenure. In this situation, it is unlikely that the trustees would be much concerned in acquiring an easement of light and air only for the benefit of the church structure and until the church lot could be sold rather than that they intended to impose an easement upon the lot sold to Perrin so as to enhance the value of the church land. It would have been easy to have fixed the duration of the easement during the period that the corner lot was occupied by the church. Instead, they stated that the easement was to last forever for the benefit of the church estate. They made a distinction between the church estate or parcel and the church building which they referred to in the reservation for the purpose of denoting the elevation above which there was to be no interference with light or air upon a certain rear area on the lot now owned by the plaintiff for the benefit of the "adjoining Church estate." The reservation was in general terms without restrictions in order to carry out the purpose of the trustees. It was not limited to the use then being made of the dominant estate but extended to all uses to which the dominant estate might thereafter be devoted. *Codman* v. *Bradley*, 201 Mass. 361. *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269. *Mahon* v. *Tully*, 245 Mass. 571. The further restriction in the deed to Perrin reserving "the right and privilege of keeping and maintaining said vault and privy for the benefit of our said adjoining land as the same now exists forever" does not aid the plaintiff. The judge was right in deciding that a permanent easement of light and air over a certain portion of the plaintiff's land is an appurtenance to the Kaplan land. ·*Dyer* v. *Sanford*, 9 Met. 395. *Ladd* v. *Boston*, 151 Mass. 585. *Brown* v. *O'Brien*, 168 Mass. 484. *Kesseler* v. *Bowditch*, 223 Mass. 265. *Tidd* v. *Fifty Associates*, 238 Mass. 421. *Hennen* v. *Deveny*, 71 W. Va. 629.

*Decree affirmed.*