JOHN CRETECOS & another *vs.* FRANCES J. LUCIA & others.

Essex.    March 6, 1957. — April 5, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Easement. Devise and Legacy,* Implied gift, Gift of house. *Deed,* Construction. *Real Property,* Building on land of another.

Provisions of a will giving the testatrix's daughter a specified house "but not the land upon which the . . . house is located" constituted a gift of the house in place and, by implication, such rights in the land as were reasonably necessary to the use of the house in place so long as it remained there. [680]

A deed, conveying a parcel of land with one of two houses thereon and reciting that the other house "is not a part of this conveyance and is not conveyed . . . . Reference is made to" a will under the residuary clause of which the grantor derived title and which by another clause gave to the testatrix's daughter the second house "but not the land upon which . . . [that] house is located," excluded from the conveyance just what the daughter took under the will and did not leave title to the land under the second house in the grantor. [680]

Cretecos *v.* Lucia.

BILL IN EQUITY for a declaratory decree, filed in the Superior Court on June 9, 1955.

The suit was heard by *Morton*, J.

*Edward H. J. Wilson*, for the plaintiffs.

*Leon M. Fox*, (*Samuel E. Seegel* with him,) for the defendant Lucia.

WHITTEMORE, J. This is the plaintiffs' appeal from a decree adjudging that the defendant Frances J. Lucia is the owner of a house standing on land of the plaintiffs and that she has the right to use the foundation and cellar, a path from the street to the front door, a connected cesspool in the plaintiffs' land and a strip of land five feet wide around the house, and the right to maintain the cesspool and have access thereto for the purpose. The evidence is reported.

The title and rights of Frances J. Lucia depend on the construction of the will of her mother, dated June 10, 1939. The will left to a son, Lester, $1; to Frances "the cottage house located at 226 Walnut Street, Saugus, Massachusetts but not the land upon which the cottage house is located"; and to the third child, a son, Arthur, the residue of the estate. The will was proved April 16, 1940. Frances has rented the property to tenants since her mother's death. In 1954 Frances's brother Arthur and his wife, also defendants (the wife having become an owner also by mesne conveyances), conveyed to the plaintiffs the 12,982 square foot lot on which are located the cottage house and another house numbered 224 Walnut Street. The deed recites, "It is expressly understood that the cottage house numbered 226 Walnut Street, standing on the above described property, is not a part of this conveyance and is not conveyed by this deed to the grantee. Reference is made to the will of . . . [the mother], Essex County Probate No. 196175."

To construe the gift, the entire will and the attendant circumstances including the condition of the testatrix's family and estate are to be considered. *Hill* v. *Aldrich*, 326 Mass. 630, 632. *McCurdy* v. *McCallum*, 186 Mass. 464, 469. If there arises a conviction that the testatrix must have in-

tended an interest which is not expressly given the court supplies it by implication. *Hendrick* v. *Mitchell*, 320 Mass. 155, 160.

The reasonable inference is that the mother intended to leave Frances the house in place. The fact of the gift without express words of limitation suggests an intention to provide reasonably for the daughter and this reinforces the inference from the relationship. A gift of the house subject to the obligation to remove it within a reasonable time (see *Barry* v. *Woodbury*, 205 Mass. 592, 596–597; *White* v. *Foster*, 102 Mass. 375, 379) would have been an insecure and uncertain provision.

Such use of the land as is reasonably necessary to the use of the house in place is implied. *Hurley* v. *Guzzi*, 328 Mass. 293, 296, and cases cited. *Sorel* v. *Boisjolie*, 330 Mass. 513, 516. *Kakas Bros. Co.* v. *Kaplan*, 331 Mass. 323, 327. *Cummings* v. *Franco, ante,* 639. The provisions of the decree for accessory uses are supportable within this principle.

The defendant Frances argues that the deed to the plaintiffs was so worded as to leave in the grantors the title to the land under the principle of *Ansin* v. *Taylor*, 262 Mass. 159, 162, and that for this additional reason the decree is right in adjudging no rights in these plaintiffs in any event. Assuming without deciding that the general rule of construction, stated in *Ansin* v. *Taylor*, "that the grant of a house carries with it title to all the land under the house," applies generally to an exception from a grant, that rule of construction would be controlled here by the reference in the deed to the mother's will which manifests an intent to exclude from the conveyance just what Frances took under the will.

The decree is to be modified by adding at the end of the first paragraph the following: The accessory rights of use and maintenance stated in this paragraph shall continue only so long as the house shall remain thereon. (See *Kakas Bros. Co.* v. *Kaplan*, 331 Mass. 323, 327.) As so modified the decree is affirmed, with costs of the appeal to the defendant Lucia.

*So ordered.*