NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1065
22-P-1066

JOHN M. KEOUGH, trustee[1]

vs.

PANKAJ MERCHIA[2] (and a companion case[3]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Shona Pendse and Pankaj Merchia (appellants) appeal from a judgment of the Land Court, entered on the parties' cross motions for summary judgment, which declared that (1) the property located at and known as 619 Boylston Street ("619 Boylston") holds the benefit of an appurtenant easement for all purposes of ingress and egress over a certain driveway leading from Boylston Street to 619 Boylston and traversing portions of the appellants' property; (2) the appellants have no right to

---

[1] Of the Fisher Hill Realty Trust.

[2] Shona S. Pendse was also named as a defendant, but the only claim against her was dismissed on December 24, 2021, and is not at issue on appeal.  It is noted that Pendse was a plaintiff in the companion case addressed in this memorandum and order and did participate in that appeal.

[3] Shona S. Pendse vs. Brookline Boylston LLC & another. BoylstonD3 was also a plaintiff in the underlying action but did not participate in this appeal.

use either the garage or the portion of the driveway located on 619 Boylston; (3) the property located at and known as 621 and 623 Boylston Street ("621-623 Boylston") holds the benefit of an appurtenant easement for all purposes of ingress and egress over the driveway leading from Boylston Street to 621-623 Boylston and traversing portions of the appellants' property; and (4) the appellants have no right to park on the paved cobblestone area located on 621 Boylston Street.[4]  We discern in the appellants' various arguments on appeal no cause to disturb the judgment, and affirm for substantially the reasons set forth in the thorough and detailed memorandum of decision entered by the motion judge.  We briefly address the appellants' various arguments below.

1.  <u>Scope of easement benefitting 619 Boylston</u>.  As the motion judge correctly determined, there is no merit to the appellants' contention that the easement benefitting 619 Boylston is limited to the right to use the driveway to access, and enter, the garage located on 619 Boylston, and specifically excludes the right of the owners of 619 Boylston (and their invitees) to access other portions of 619 Boylston after reaching the garage, or to park on the portion of the driveway situated on 619 Boylston.  As a threshold matter, an easement of

_____

[4] The judgment also included other determinations not pertinent to any issue raised in this appeal.

2

broad grant ordinarily is construed to include all rights incidental to its use and enjoyment. See, e.g., Mahon v. Tully, 245 Mass. 571, 577 (1923), and the other authorities cited by the motion judge on page 29 of her memorandum of decision. Moreover, the construction pressed by the appellants would produce an absurd result, insofar as it would suggest that, having reached the garage by driving across the driveway, the driver and occupants of the vehicle would be unable to emerge from the vehicle and access other portions of 619 Boylston. The appellants' suggestion that the owners of 619 Boylston may not park on the portion of the driveway located on 619 Boylston but outside the garage is equally specious. The appellants hold no rights in the portion of the driveway located on 619 Boylston, by virtue of the release of rights contained in the amended deed dated March 3, 2014, and recorded in the Norfolk County registry of deeds in book 32231, page 473, and as owners of the fee on which that portion of the driveway is situated, the owners of 619 Boylston are entitled to use the property for all purposes attendant to their ownership.[5]

2. Rights benefitting 621-623 Boylston. As the motion judge also correctly observed, 621-623 Boylston holds the

---

[5] There is no plausible basis on which the appellants may contend that the parking of vehicles on 619 Boylston overburdens in some manner the use of the portion of the driveway traversing the property at 615-617 Boylston Street.

3

benefit of an easement over the driveway leading from Boylston Street to that property by virtue of an express grant. The failure to include a restatement of that grant in the 2005 deed from Margaret Richardson to Edward Richardson III has no bearing on the continuing vitality of the easement. See G. L. c. 183, § 15.[6]

3. Appellants' right to park on cobblestone area of 621 Boylston. Finally, with respect to the disputed easement claims, the motion judge correctly concluded that the appellants have no right to park on the cobblestone area situated on 621 Boylston and adjacent to the paved driveway. As the motion judge observed, no deed or other instrument created any such rights by express grant. There likewise is no basis in the summary judgment record to support a claim of an implied easement; it first appeared as a delineated improved area on a 2001 plan recorded with the Norfolk County registry of deeds in plan book 497, as plan no. 376-2002. On that plan, it is separated from the driveway by a solid line. Neither the plan nor any other instrument includes any language suggesting that the cobblestone area is intended to be included in any manner as part of the driveway, or that rights to use it, or park on it,

_____

[6] 621-623 Boylston also enjoys an easement by implication across 615-617 Boylston, as explained by the motion judge at pages 43-45 of her memorandum of decision.

4

would be held by the owners of property other than the lot on which it is situated.

4. _Merchia's claims under the purchase and sale agreement for 621-623 Boylston_.  Last, we affirm the judgment dismissing the claims of appellant Pankaj Merchia for tortious interference with his rights under a purchase and sale agreement for the purchase of 621-623 Boylston.  As explained by the motion judge, 621-623 Boylston enjoys the benefit of an easement for access from Boylston Street over the driveway, and the basis on which Merchia declined to proceed with his purchase of the property under that contract was baseless.  His failure to perform constituted a breach of the contract, so that appellee John Keough's subsequent purchase of the property did not interfere with any rights held by Merchia.[7]

5. _Attorney's fees_.  The appellee Keough, as trustee, has requested an award of his appellate attorney's fees and double costs, on the ground that the appellants' appeals are frivolous.  We agree that such an award is appropriate.  Keough shall within fifteen days following this order file with this court and serve on the appellants a motion for determination of the amount of

---

[7] There was likewise no error in the dismissal of Merchia's claims for trespass, if for no other reason than that Merchia was not an owner of the property on which the alleged trespass occurred.

5

his attorney's fees incurred on appeal, supported by an affidavit detailing such fees, in accordance with the procedure described in <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).  The appellants may, within fifteen days thereafter, file with this court and serve on Keough an opposition to the amount of fees so claimed.

<u>Judgments affirmed</u>.

By the Court (Green, C.J.,
  Walsh & Smyth, JJ.[8]),

Assistant Clerk

Entered: March 7, 2024.

---

[8] The panelists are listed in order of seniority.