MARY F. RANDALL *vs.* MARTHA E. GRANT & others.

Bristol.    October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Way*, Private. *Deed*, Construction, Interpretation by acts of parties.

A right of way, created by an express reservation in a deed of land as appurtenant to a back lot, to pass through a front lot to a public street, cannot be used lawfully by a tenant of the owner of the back lot occupying land beyond that lot.

A right of way, created by an express reservation in a deed of land as appurtenant to a back lot, to pass through a front lot to a public street in a village, may be used by the teamsters of a contractor, to whom the owner of the back lot has sold gravel and sand to be taken from a sand pit on such lot, to cart such gravel and sand to the street, although when the deed containing the reservation of the way was made the back lot was used for garden and grass land and no sand pit had been opened on it; and, where it appears that the owner of the back lot has carted sand over the way during a period of eight years without any objection being made by the owner of the front lot, this fact tends to support this construction by indicating that such use of the way was contemplated when the reservation was made.

DeCOURCY, J.    This is a bill in equity to restrain the defendants from crossing the plaintiff's land under claim of a right of way. Walter H. Andrews, in July, 1897, conveyed the land to the plaintiff's predecessor in title, Levi C. Randall, "reserving to the grantor and his heirs and assigns a right of way through the premises to land in the rear." In January, 1908, Andrews conveyed to the defendant Grant the land in the rear referred to, which is a three acre lot; and in the granting clause of the deed is the following: "Together with a right of way from said premises to Washington Street through land of Levi C. Randall as reserved

in the deed from Walter H. Andrews to said Randall dated July 23, 1897, and through land of James E. Howard as now used." All of the lots referred to are situated in South Easton,* lying easterly of Washington Street, the westerly line of the three-acre lot being about three hundred and ten feet and the plaintiff's lot about two hundred and fourteen feet from that street.

The case was referred to a master and was reserved † for our determination upon the pleadings and the master's report. The master finds that the three acre lot was used for garden and grass land before and during the ownership of Andrews. The soil is light and underneath it, or a large part of it, is sand or gravel. Andrews opened a sand pit on the easterly portion of it not later than 1902, and drew sand therefrom over the right of way in question, selling about six hundred loads and using some for filling. After the defendant Grant acquired title to the tract she sold sand from the pit to the town, and about two hundred loads were taken over the same route that Andrews used. To these and certain other similar uses of the way no objection was made.

At the hearing before the master the plaintiff conceded that the defendant Grant had a right of way across the southerly portion of her lot from east to west, from the three acre tract to the common right of way to Washington Street, and made no objection to the location of the way. But she complains of the use to which the way has been put by the several defendants.

The defendant George W. Nye has been using the way in going from Washington Street to a house hired by him from the defendant Grant and standing on land other than the three acre piece.

The defendants William G. Irving, Hugh Cummins and James Sullivan are teamsters and are using the way in drawing sand from the sand pit on the three acre lot to the common way to Washington Street. They are employees of a contractor to whom the defendant Grant sold some sand, and the master finds that the manner of using the way in carting gravel and sand, if the defendants have the right so to use it, has been reasonable.

There is no occasion to consider the case of the defendant

---

* A small village in the town of Easton.

† By *King,* J. The master was L. Elmer Wood, Esquire.

Sanderson, as he has removed from the neighborhood and has ceased to use the way.

As against the defendant Nye the plaintiff is entitled to relief. Clearly the right of way over the plaintiff's land appurtenant to the three acre lot cannot be enlarged and extended to land beyond. *Davenport* v. *Lamson*, 21 Pick. 72. *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230.

But we are of opinion that the remaining defendants are justified in using the way for carting sand from the three acre lot. This is not the case of a right of way by prescription, where the extent of the right is measured by the ordinary use which established it. *Baldwin* v. *Boston & Maine Railroad*, 181 Mass. 166. The rights of these defendants must be determined by the terms of the reservation and grant in the deeds. The language used in conveying the right of way is of the most general character, without limitation or restriction. It is broad enough to include any reasonable use to which the dominant estate may be devoted, due consideration being given to the obvious purposes which the parties had in view in establishing the way. Such a way is not necessarily confined to the purposes for which the dominant estate was used at the time the way was created. *Johnson* v. *Kinnicutt*, 2 Cush. 153. *Holt* v. *Sargent*, 15 Gray, 97. *Sargent* v. *Hubbard*, 102 Mass. 380. *Abbott* v. *Butler*, 59 N. H. 317. *Arnold* v. *Fee*, 148 N. Y. 214. *Gunson* v. *Healy*, 100 Penn. St. 42. And the fact that the defendant Grant and her predecessor in title have carted sand over this way since 1902,* without any objection being made by the plaintiff, would further indicate that the use now complained of was intended by the grant. *Rowell* v. *Doggett*, 143 Mass. 483.

As against the defendant Nye an injunction is to issue as prayed for; and as to the other defendants the entry must be

*Bill dismissed.*

The case was submitted on briefs.

*A. R. White, 2nd,* for the plaintiff.

*A. Fuller & W. J. Davison,* for the defendants.

---

* The bill was filed on November 30, 1910.