# DECISIONS

# SUPREME JUDICIAL COURT

# MASSACHUSETTS

---

JOSEPH L. RAJEWSKI & another *vs.* THOMAS MACBEAN.

Hampshire.    September 17, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Way*, Private.    *Deed*, Construction.

A deed in 1904 conveyed a certain described parcel of land.    Following the description were these words: "It is further understood and agreed that the Grantee is to have a right of way to the land hereby conveyed across land of the Grantors referring especially to the lot of vacant land between . . . [buildings on the land conveyed and those on the grantors' remaining adjoining land]."    The *habendum* was to the grantee "and his heirs and assigns to their own use and behoof forever."    The grantee subsequently died.    *Held*, that

(1) Words, sounding in covenant only, may operate by way of grant of an easement, wherever it is necessary to give them that effect in order to carry out the manifest intention of the parties;

(2) The covenant above quoted appeared to have been intended for the benefit of the land conveyed and must be construed as granting an easement over the grantor's remaining land;

(3) The right of way was not limited to the life of the grantee: since the clause conveying it appeared in the granting part of the deed, it was controlled by the *habendum* which created in the grantee a title in fee in the land conveyed and an easement in fee in the right of way.

One owning a parcel of land at the corner of two streets bounding it on the south and east conveyed the westerly portion, upon which were located a wooden office building and a greenhouse extending northerly from one of the streets about twenty feet and extending nearly to the westerly side line.    A brick block covered the greater part of the easterly portion of the parcel.    The wooden office building was two

feet from the easterly boundary of the lot conveyed and about eighteen feet from the brick block. Previous to the conveyance, the grantee, as lessee of the grantor, had had access from the street to the south to the rear door of the wooden building and to the rear portion of the lot conveyed, over the vacant land between the wooden building and the brick block. The deed also conveyed to him a right of way to the lot conveyed across the grantor's land "referring especially to the lot of vacant land between greenhouse and the brick block. . . ." Shortly after the conveyance the grantee tore down the wooden building and greenhouse and erected a two-story building along the entire easterly boundary and about two feet distant therefrom, and also erected new greenhouses on the northwesterly corner of the lot. A rear door of this new building opened into the open space between this building and the brick block. The grantee and his successors in title thereafter used this space to reach the rear of the new building continuously for about twenty-four years. In an action against a subsequent grantor of the servient estate for breach of a covenant against encumbrances in his deed, which made no mention of the right of way, it was found that the part of the easterly lot used for a way for the benefit of the westerly lot was a strip of land ten feet wide extending the whole length of the westerly boundary of the easterly lot. *Held*, that

(1) The exact limits of the right of way not having been specified in the deed creating it, the grantee was entitled to a convenient way within the land specified adapted to the convenient use and enjoyment of the land granted for any useful and proper purpose for which it might be used considering its location and all circumstances;

(2) Since the limits of the right of way were not fixed by the deed creating it, the practical location and use of it by the grantee acquiesced in by the grantor could operate as an assignment of the right and be deemed to be that which was intended to be conveyed;

(3) There was no merit in a contention that, as a matter of law, the right of way was limited to a right to reach the place where the rear of the old wooden building on the dominant estate was at the time of the conveyance of that estate: the right of way was not necessarily confined to the purposes for which the dominant estate was used at that time, but was a right of way for every reasonable use to which the dominant estate might be devoted;

(4) The extent and limits of a reasonable right of way under the conveyance were largely questions of fact;

(5) The circumstances, that a small building was located for four or five years at the northeasterly corner of the vacant space between the buildings and was removed at the request of the owner of the easterly lot did not affect the rights of the owner of the westerly lot;

(6) The finding was warranted.

CONTRACT. Writ dated June 8, 1928.

In the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. He found

that the plaintiffs' property was decreased in value $1,000 by the existence of the right of way over it. Other material facts found by him are stated in the opinion. The *habendum* in the deed from the Buffum devisees to Morrison was as follows: "To have and to hold the granted premises with all the privileges and appurtenances thereto belonging to the said James Morrison and his heirs and assigns to their own use and behoof forever."

The action was heard upon the auditor's report by *Lummus*, J., without a jury, who denied a motion by the defendant to recommit the report and ordered judgment for the plaintiffs in the sum of $1,000. The defendant alleged exceptions.

*W. E. Parker*, for the defendant.

*D. A. Foley*, (*J. L. Lyman* with him,) for the plaintiffs.

SANDERSON, J. This is an action of contract for breach of covenant against encumbrances in a deed from the defendant to the plaintiffs in the usual statutory form of a warranty deed containing no mention of a right of way. The case was referred to an auditor with an agreement that his findings of fact should be final. At the time of his death, one Thomas Buffum was the owner of a tract of land at the corner of two streets in Easthampton, bounding south on School Street and east on Union. After Buffum died in 1897, his devisees conveyed the westerly portion of the tract of land upon which a wooden building and greenhouse then stood to one Morrison. After the description in the granting part of this deed appear the following words: "It is further understood and agreed that the Grantee is to have a right of way to the land hereby conveyed across land of the Grantors referring especially to the lot of vacant land between greenhouse and the brick block . . . ." At the time of this conveyance a brick block covered the greater portion of the easterly half of the tract of land. On the westerly part of the tract at the time of the conveyance a wooden building used as an office was located along the northerly side of School Street and extending twenty feet northerly from that street. The greenhouse connected therewith extending nearly to the westerly line of the premises occupied practically all the space along School

Street west of the office building. The open space in the rear of the greenhouse was used for raising flowers. A rear door to this building and the land in the rear were reached by passing from School Street over the land lying between the office building on the west and the brick block on the east. The distance between the office building and the brick block was eighteen feet nine inches. Before Morrison became the owner of the property he as lessee had used the open space between the two buildings for the purpose of access to and egress from the premises occupied by him. The distance between the easterly wall of the office building and the easterly boundary line of the land conveyed was about two feet. Soon after purchasing the property Morrison tore down the office building and greenhouse and erected a two-story building along the entire easterly boundary and about two feet distant therefrom, and also erected his new greenhouses on the northwesterly corner of the lot. A rear door of this new building opened into the open space between this building and the brick block. Through this door entrance was gained to a workshop and the greenhouses westerly of the building. Earth, materials and supplies were brought to the premises by driving in over the open space above mentioned and were taken in through this rear door and work shop to the greenhouses. This space has been used by the owners of the property conveyed to Morrison to reach the rear of the building thereon continuously to the present time. It has also been used by owners of the brick block to reach the rear of the store now occupied by the plaintiffs and other parts of the building. The present owner of the real estate purchased by Morrison claims a right of way to her property over the land in question now owned by the plaintiffs. The right of way mentioned in the deed from Buffum to Morrison has been included in the subsequent conveyances of the Morrison land. The auditor found that the parties intended to provide a permanent right of way from School Street to the premises conveyed, that it was appurtenant thereto, and was never waived or abandoned. He found that the part of the plaintiffs' property used for a right of way for the benefit of the adjoining property is a strip ten feet wide along the

westerly boundary of the plaintiffs' property extending from School Street to the rear of the plaintiffs' lot. Morrison died in 1905.

The defendant makes two main contentions. The first is that the absence of words of limitation to heirs and assigns in the description of the right of way in the deed to Morrison limited the right to Morrison's life and made it personal to him.

In *Bronson* v. *Coffin,* 108 Mass. 175, 180, the court in an opinion by Gray, J. said: "Words sounding in covenant only may operate by way of grant of an easement, wherever it is necessary to give them that effect in order to carry out the manifest intention of the parties." In *Hogan* v. *Barry,* 143 Mass. 538, the court said: "There is no doubt that an easement may be created by words sounding in covenant . . . . If the seeming covenant is for a present enjoyment of a nature recognized by the law as capable of being conveyed and made an easement . . . and if the deed discloses that the covenant is for the benefit of adjoining land conveyed at the same time, the covenant must be construed as a grant . . .". See also *Ladd* v. *Boston,* 151 Mass. 585. In the case at bar the way is of a nature recognized by law as capable of being conveyed as an easement and was evidently intended for the benefit of adjoining land conveyed. The covenant must, therefore, be construed as a grant of an easement, and as the clause conveying it appears in the granting part of the deed, it is controlled by the *habendum* which created in the grantee a title in fee in the land conveyed and an easement in fee in the right of way. *Pratt* v. *Sanger,* 4 Gray, 84, 86. *Hogan* v. *Barry,* 143 Mass. 538, 539. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 271.

The other contention of the defendant is that the auditor erred in finding that the right of way for the benefit of the adjoining property extended from School Street to the rear of the plaintiffs' lot. When a right of way is granted but its exact limits are not defined in the deed, the grantee is entitled to a convenient way within the land specified adapted to the convenient use and enjoyment of the land granted for

any useful and proper purpose for which it might be used considering its location and all circumstances. *Johnson* v. *Kinnicutt,* 2 Cush. 153, 157. *Lovejoy* v. *Lovett,* 124 Mass. 270. *Dunham* v. *Dodge,* 235 Mass. 367, 371. If the limits of the way are not fixed by the deed, the practical location and use of it by the grantee acquiesced in by the grantor may operate as an assignment of the right and be deemed to be that which was intended to be conveyed. *Bannon* v. *Angier,* 2 Allen, 128. *Cotting* v. *Murray,* 209 Mass. 133, 139. *Willard* v. *Stone,* 253 Mass. 555, 563. Such a way is not necessarily confined to the purposes for which the dominant estate was used at the time of the grant but is a right of way for every reasonable use to which the dominant estate may be devoted. *Randall* v. *Grant,* 210 Mass. 302, 304. *Mahon* v. *Tully,* 245 Mass. 571, 577.

The auditor described in some detail the location of buildings on the property, both before and after the conveyance, and the uses made of them. The question as to the extent and limits of a reasonable right of way under this grant was largely one of fact. When the terms of the grant are considered in connection with the findings of the auditor we cannot say there was error of law in the conclusion reached by him. The contention of the defendant that as matter of law the way is limited to a right to reach the place where the rear of the office building on the Morrison lot was at the time of the grant cannot be supported. The small building located for four or five years at the northeasterly corner of the space between the two buildings and removed at the request of the defendant did not upon the facts found affect the rights of the owners of the Morrison lot. *Quigley* v. *Baker,* 169 Mass. 303, 305. *Willets* v. *Langhaar,* 212 Mass. 573, 575. There is nothing in the report to indicate that the auditor was influenced by any irrelevant circumstances in arriving at his conclusions as to the limits of the right of way.

In the refusal of the judge to recommit the report and in the requests for rulings connected therewith which have been argued we find no reversible error.

*Exceptions overruled.*