## Fred E. B. Swensen *vs.* Anthony Marino.

Norfolk.   March 6, 1940. — September 12, 1940.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

*Way*, Private: extent of easement. *Equity Pleading and Practice*, Decree. *Nuisance. Equity Jurisdiction*, To enjoin abuse of easement, To enjoin nuisance. *Words*, "Drift way."

In a suit in equity to enjoin improper and excessive use of a private way in hauling sand and gravel, brought by the owner of registered land whose certificate of registration made it subject to an easement "of a drift way" set forth in a deed dated in 1855 and "to the rights of all those lawfully entitled thereto," upon a proper interpretation of findings by a master, made upon all the evidence, as to the extent of the defendant's easement, a final decree limiting the defendant to use of the way merely as a "drift way" and prohibiting him from using motor trucks thereon was ordered modified to enjoin him from using it for the hauling of quantities of sand or gravel to such an extent or in such a manner as substantially to disturb the peace of the occupants of the plaintiff's property or substantially to decrease its value, and by omitting the prohibition of the use of motor trucks.

Because the legal meaning of the word "nuisance" would have to be determined by the defendant at his peril in circumstances as they arose in the future, a phrase in a decree, in a suit in equity to enjoin improper use of a right of way, which enjoined the defendant from a use "as will by noise or dust constitute a nuisance," was ordered changed to enjoin him from so using the way as substantially to disturb the peace, comfort, or enjoyment of persons of ordinary sensibilities occupying the plaintiff's premises or unreasonably to diminish the value thereof.

Bill in equity, filed in the Superior Court on July 5, 1939.

A final decree was entered by order of *Brown*, J., enjoining the defendant, his servants, agents and employees "from making or allowing any use of the way over plaintiff's land except as a drift way, and from allowing or permitting said way to be used by motor trucks," and "from causing or allowing any use of the said drift way as will by noise and dust constitute a nuisance." The defendant appealed.

*R. W. Higgins*, for the defendant.
*Elliott V. Grabill*, for the plaintiff.

QUA, J. The plaintiff complains that the defendant has been using his right of way over the plaintiff's land on Franklin Street in Holbrook illegally and in excess of the defendant's rights by driving motor trucks at frequent intervals with heavy loads of sand and gravel from land west of the plaintiff's land to Franklin Street.

Both parties apparently assume, and the master finds, that the defendant has a right of way appurtenant to his land over the plaintiff's land to Franklin Street. The extent of this right is in dispute and is not determined by the notations of encumbrances upon the plaintiff's registration certificate, for although it is there stated that the land is subject to the easement "of a drift way" set forth in a certain deed from Spear to Hobart in 1855, it is further stated that the "Right of Way" shown on the plan accompanying the certificate "is also subject to the rights of all those lawfully entitled thereto." The master does not find that the defendant's easement is in fact a "drift way" as described in the Spear-Hobart deed. It may be one of the "rights of all those lawfully entitled thereto" apart from that deed. These rights are not defined in the certificate of title.

The master does not set forth the precise origin of the defendant's easement, so that its terms can be stated with accuracy, doubtless because the evidence was not such as to enable him to do so. He endeavors to ascertain the nature of the defendant's rights from the nature of the actual use of the way for many years and from references in ancient deeds which he uses as evidence only and which need not be set forth in detail here.

Since it is the defendant who relies upon the easement, the burden rests upon him to show that his right is extensive' enough to authorize the amount and character of the use which he has made of the way. *Hooten* v. *Barnard*, 137 Mass. 36. *Bigelow Carpet Co.* v. *Wiggin*, 209 Mass. 542, 547, 551. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105.

The master finds that the way has been used for teaming cordwood and fence posts from the back land and at one

time for carting dressing to two or three gardens located there and carting out produce from them. "Some seventy-five years ago" sand was carted out "by horse and team" at the rate of "two or three loads every two or three years for a period of six or seven years." More recently some peat and other material have been taken out. During the past few years a casual load of gravel has been taken out by truck. For two or three years before the defendant purchased the back land the way was not used at all and became overgrown with grass, brush and bushes, although it was still distinctly visible on the land. It is clear that during the many years of the existence of the way, its use was intermittent and generally infrequent, except perhaps when cordwood was being cut and carted off. The way is, however, the only present means of access to a large tract of land.

The master makes an ultimate finding as to the nature of the defendant's right of way in these words: "Upon all the evidence I find that the right is impressed with the limitation that it must be used with reasonable regard to the comfort and enjoyment of the owner of the servient estate, and not in such manner as to disturb his peace or the value of his property." Since the evidence in general is not reported, and this finding is not in conflict with subsidiary findings, it must stand, indefinite as it is, as a limitation upon the defendant's rights. *MacLeod* v. *Davis,* 290 Mass. 335, 338. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Zak* v. *Zak,* 305 Mass. 194, 196. But the finding must be construed fairly with the whole situation in mind. We do not think it means that every trifling disturbance of the plaintiff or the least possible detriment to his property is prohibited. A right of way so strictly limited could hardly be exercised at all. The sentence quoted should be balanced by implying the adverb "substantially" before the verb "to disturb."

The master reports these further facts: After the defendant purchased the back land, about April 1, 1939, he widened the used portion of the way, including that part on the plaintiff's premises, to a width sufficient for two

trucks to pass each other, and he placed gravel and sand upon it. By the time this suit was brought his sand and gravel operations had reached such proportions that thirty or forty truck loads passed out in a day, making from sixty to eighty trips out and in. This "perforce" raised "large clouds of dust," diminished in some degree near the plaintiff's house by the defendant's use of calcium chloride upon the surface of the way. The trucks, "from the very nature of the mechanism," make "a considerable amount of noise" in passing the plaintiff's house. This use of the way has interfered with the comfortable enjoyment of the plaintiff's premises. "The noise and dust . . . is not a reasonable use of the way in consideration of the rights established in the original instance." The defendant "has attempted to burden the servient estate to an unreasonable degree." The plaintiff has "suffered a nuisance" from dust and noise.

Upon the facts found by the master the plaintiff is entitled to a decree. It is true that the defendant has established the existence of an easement in his favor which seems on the findings not to have been confined to use for any specified purpose or purposes, but within reasonable limits may be inferred to have comprehended general use as a way for purposes compatible with the nature of a tract of woodland separated from the public road, but subject to the limitations found by the master. We are not prepared to say that the defendant cannot haul out any sand or gravel, but on the findings the defendant's present use of the way for the carrying on of a practically continuous business of mining sand and gravel on the wood lot exceeds any privilege shown to have been acquired, amounts to a new servitude, and overloads the easement. *Atwater* v. *Bodfish,* 11 Gray, 150, 152. *Sargent* v. *Hubbard,* 102 Mass. 380. *Parks* v. *Bishop,* 120 Mass. 340. *Rowell* v. *Doggett,* 143 Mass. 483. *Baldwin* v. *Boston & Maine Railroad,* 181 Mass. 166, 169. *Randall* v. *Grant,* 210 Mass. 302. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, 389.

We have not overlooked the general rule that when a

right of way arises by grant and not by prescription and is not limited by the terms of the grant, "it is available for the reasonable uses to which the dominant estate may be devoted." *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273. *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32, 36. The peculiarity of the case at bar is that the existence of a right of way of some kind is conceded, but no deed of grant has been identified by which to measure its terms. Indeed, so far as appears the right may have originated in prescription and not in grant. In a case like this the right cannot be assumed to be more extensive than the proof shows it to be.

The decree should not,. however, have limited the defendant's use to that of a driftway. Strictly speaking, and as generally defined in the dictionaries, a driftway seems to be a way to be used for driving cattle. *Ballard* v. *Dyson,* 1 Taunt. 279. *Cannon* v. *Villars,* 8 Ch. D. 415, 421. No doubt the context may sometimes indicate a broader meaning. *Smith* v. *Ladd,* 41 Maine, 314, 320. The earliest deeds referring to the way do not describe it as a driftway. The master finds that the two later deeds which do refer to it as such were not deeds by which the defendant's rights originated. So far as appears the way has never been used for the driving of cattle, and none of the uses found to have been made of it is strictly a use as a driftway. The master has not found that the defendant's rights are those of a driftway. To limit the defendant's use to a driftway is inconsistent, we think, with the tenor of the master's findings. Instead of this the decree should enjoin the defendant from using the way for the hauling of quantities of sand or gravel to such an extent or in such manner as substantially to disturb the peace of the occupants of the plaintiff's property or substantially to decrease its value. In this respect the defendant's use of the way has exceeded any right that the findings show him to possess.

The decree went too far in entirely prohibiting the use by the defendant of motor trucks. It cannot be assumed that "reasonable regard to the comfort and enjoyment of the owner of the servient estate" and the securing of his

"peace" and the "value of his property" are necessarily and forever inconsistent with any use whatsoever of motor trucks under any conceivable conditions of speed, weight, frequency, and of the future surface of the way itself. Three of the five ancient deeds mentioning the right of way refer to passing "with teams and other ways" or use equivalent words. We should be very slow to hold that even ancient rights of way, not expressly restricted as to the type of vehicle (*Clarkin* v. *Duggan*, 292 Mass. 263), could not be employed at all for the means of transportation in common use by a succeeding generation. See *Crosier* v. *Shack*, 213 Mass. 253. This clause of the decree should be omitted.

Another paragraph of the decree enjoins the defendant from causing or allowing any use of the way which by reason of noise or dust will constitute a nuisance. The plaintiff is entitled to this relief in substance. The wording of this part of the decree, however, is open to the objection that it requires the defendant to define the legal meaning of "nuisance" at his peril and tends to transfer the controversy to future contempt proceedings. *Guillet* v. *Livernois*, 297 Mass. 337, 341. It must be conceded that in cases involving acts in the nature of nuisances it is often difficult to frame a decree that is much more than a paraphrase of words commonly employed to define a nuisance. Nevertheless, we think it better practice to make the attempt, and in this case at least to follow more closely the findings of the master. This paragraph of the decree is to be modified by enjoining the defendant from so using the way as substantially to disturb the peace, comfort, or enjoyment of persons of ordinary sensibilities occupying the plaintiff's premises or unreasonably to diminish the value of the plaintiff's property. See *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 488, 492; *Marshall* v. *Holbrook*, 276 Mass. 341, 348.

Since the only appeal filed by the defendant was filed more than twenty days after the confirmation of the master's report, G. L. (Ter. Ed.) c. 214, §§ 19, 26, it would seem to have the effect of an appeal from the final decree only.

*Hays* v. *Georgian Inc.* 280 Mass. 10, 15. Even if the defendant's objections to the master's report are fully open now, we find no error in respect to them which should have prevented the confirmation of the report or which affects the final decree.

*Decree as modified affirmed.*