MARY E. HEWITT *vs.* CHARLES B. PERRY.

Essex. December 1, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

Easement. Beach. Equity Pleading and Practice, Counterclaim, Parties, Decree.

A decree entered in a suit in equity following a decision reported in 309 Mass. 100, enjoining the plaintiff from using, "as a mooring ground or in any other wise in the maintenance of a commercial business of letting boats," a beach area in which the plaintiff had an easement, was within the former decision that such use surcharged the easement and should be enjoined, and the decree was affirmed in that respect.

So much of a decree in a suit in equity as purported, under a counterclaim by the defendant, to enjoin one who was not an original party to the suit and had not been made such under Rule 32 of the Superior Court (1932), was struck out.

BILL IN EQUITY, filed in the Superior Court on January 13, 1940.

: The plaintiff appealed from a final decree entered, after rescript from this court, by order of *Buttrick*, J. )

*H. C. Thompson*, (*C. T. Shafrock* with him,) for the plaintiff.

*R. M. Sullivan*, for the defendant.

Cox, J. When this suit was here before (see 309 Mass. 100) it was decided, among other things, that the defendant was entitled to relief upon his counterclaim, and in paragraph 4 of the final decree after rescript, the plaintiff and Robert E. Hewitt, who is alleged in the counterclaim to be the plaintiff's husband, their agents and any and all persons or parties claiming under them were permanently enjoined from using the beach area described in the decree, "as a mooring ground or in any other wise in the maintenance of a commercial business of letting boats." The plaintiff appealed from the entry and form of said paragraph 4. She contends that this part of the decree is too sweeping.

Reference to the earlier opinion discloses the easement that the plaintiff had by grant, not only by virtue of her deed, but also by virtue of her right as one of the general public. It was there said, at page 105: "But we think that the maintenance . . . of a substantial commercial business in letting boats to the general public surcharged the easement granted, and should be restrained by injunction upon the counterclaim of the defendant." In the earlier opinion, the rule was recognized that an easement granted in general and unrestricted terms is not limited to the uses made of the dominant estate at the time of its creation, but is available for the reasonable uses to which the dominant estate may be devoted; but, nevertheless, it was held that the use by the plaintiff of such beach area surcharged the easement granted. See *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381, 388–389. The plaintiff contends that commercialism is not the test to determine whether the easement is surcharged, but that it is use under the easement to such a degree that the rights and privileges of others are substantially curtailed, and she relies upon the case of *Swensen* v. *Marino*, 306 Mass. 582.

But that case was decided upon the facts found by the master and is distinguishable from the case at bar. We are of opinion that the plaintiff was rightly enjoined from using the beach in question in the manner described in the decree.

As already pointed out, paragraph 4 of the decree after rescript enjoins not only the plaintiff but also her husband. An examination of the record when the case was here before does not disclose that the provisions of Rule 32 of the Superior Court (1932) were ever complied with by bringing in the husband as a defendant, or that he ever appeared.

Paragraph 4 of the final decree after rescript should be modified by striking out any reference to Robert E. Hewitt, the plaintiff's husband. The decree as modified in accordance with this opinion is affirmed with costs.

*Ordered accordingly.*