HANNAH DOODY *vs.* ELLEN E. SPURR.

Plymouth. October 6, 1943. — December 1, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Way,* Private: extent, abuse of easement. *Deed,* Construction. *Equity Pleading and Practice,* Question of law or fact, Injunction. *Trespass. Equity Jurisdiction,* Trespass, Abuse of easement.

The owner of land and a dwelling house, having "all reasonable and necessary rights of way over" a concrete walk intended only for foot travel along the boundary of his land and over a driveway of gravel base parallel to the walk and intended for vehicular travel, was not entitled to cross the walk from the driveway with an automobile to reach a garage which he had constructed on his land after the owner of the lot upon which were the driveway and walk had complained of his use of the walk for automobile parking purposes.

BILL IN EQUITY, filed in the Superior Court on February 10, 1937.

An interlocutory decree was entered by order of *Baker, J.,* and a final decree by order of *Brown, J.*

The master, in a report filed in court on March 31, 1942, found that a savings bank, having foreclosed a mortgage on property including both of the parcels afterwards owned by the plaintiff and by the defendant, "by respective deeds divided the property according to a plan," a reduced copy of which was annexed to his report. Material portions of the plan were as follows:

*H. L. Hunt,* for the defendant.

*H. C. Gill,* for the plaintiff.

RONAN, J.   This is an appeal from a decree enjoining the defendant from parking an automobile upon the plaintiff's premises and from using a way for automobile traffic to and from a garage in the rear of the defendant's premises. The defendant also appealed from an interlocutory decree overruling exceptions to the master's report and confirming the report.

The facts involved in this controversy appear in the master's report.   The plaintiff's premises are located on the northerly side of Belmont Street, a public way in Brockton, and are adjacent to and easterly of the defendant's land.   The plaintiff's residence, a small cottage house, used by her as a rooming and boarding house, is situated farther back from the street than the house located upon the defendant's lot.   A concrete or cement walk leads northerly from the street along the westerly boundary of the plaintiff's lot, and, a few feet northerly of the northeast corner of the defendant's house, leaves this boundary and continues to the side piazza of the plaintiff's house. About opposite this corner of the defendant's house, there is a short branch of this walk which runs northeasterly to the front piazza of the plaintiff's house.   The triangular space formed by both branches of this walk and the westerly front of the plaintiff's house is a grass plot.   The apex of this grass plot is but a short distance from the northeasterly corner of the defendant's house.   This concrete or cement walk is of light construction and has "a light coating of cement."   The parking of his automobile by the defendant's husband upon this walk sometime prior to the erection of the defendant's garage caused the walk to settle. A gravel driveway having a heavy base and obviously designed for vehicular travel runs from the street along the easterly side of the cement walk, and ends at the southeasterly side of the easterly branch of the walk.   The defendant's house extends entirely across her lot.   She has constructed a garage under the rear of her house and upon the westerly portion of her lot.   She contends that she has

a right of way along the driveway and across the fork in the walk near the northeasterly corner of her house for the use of an automobile in going to or leaving her premises. That path has been used for automobiles travelling between the street and her garage. She concedes that the walk and driveway are located upon the plaintiff's premises, but contends that the use of the way for automobile travel was given to her by grant. It appears that sometime prior to. 1919 both lots were owned by a common grantor, a savings bank. The bank conveyed to persons named Peabody the lot now owned by the plaintiff and reserved a right of way over the concrete walk and the driveway. The bank later conveyed to one of the defendant's predecessors in title the lot now owned by the defendant "Together with all the rights of way as set forth in the deed to said Peabodys already referred to in which grantor especially reserved to itself and to the lot of land herein conveyed, all reasonable and necessary rights of way over the concrete walk and over the gravelled driveway running northerly from said Belmont Street." The master found that the concrete walk was intended only for foot travel and the driveway for vehicular travel; that the defendant had no right to use the walk as a driveway for automobiles going to or leaving her premises; and that the space between the northeasterly corner of the defendant's house and the apex of the grass plot was too short to permit an automobile to travel over the walk and to the defendant's premises without driving upon the grass plot.

The findings of the master do not purport to rest upon his subsidiary findings but are based apparently upon all the evidence heard by him, and his general conclusions, not being inconsistent with any of his subsidiary findings, must stand. There was no error in confirming the report and in overruling the defendant's exceptions, all of which challenge the correctness of certain findings by the master. *Zak* v. *Zak*, 305 Mass. 194. *Smith* v. *Smith*, 313 Mass. 687. *Brodie* v. *Evirs*, 313 Mass. 741.

The walk and driveway were in existence when the right of way was created by the reservation made by the common

grantor and later was granted to the defendant's predecessor in title, and the easement over them is now owned by the defendant. There is no dispute as to the location of the right of way. The use that the defendant could make of the walk and the driveway is to be determined by the language of the grant construed in the light of the attending circumstances which have a legitimate tendency to show the intention of the parties as to the extent and character of the contemplated use of the way. *Burnham* v. *Nevins*, 144 Mass. 88. *J. S. Lang Engineering Co.* v. *Wilkins Potter Press*, 246 Mass. 529. *Hewitt* v. *Perry*, 309 Mass. 100. *Beaudoin* v. *Sinodinos*, 313 Mass. 511. An easement granted in general terms is not necessarily limited to the uses made of the dominant estate at the time of the creation of the easement and it is available for all reasonable uses to which the dominant estate may thereafter be devoted. *Crosier* v. *Shack*, 213 Mass. 253. *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269. *Mahon* v. *Tully*, 245 Mass. 571. *Davis* v. *Sikes*, 254 Mass. 540. *Rajewski* v. *MacBean*, 273 Mass. 1. The garage of the defendant was built after the plaintiff had complained about the parking of an automobile upon the walk with the resulting damage to the walk. The defendant built the garage under the westerly rear of her house, and there is no other available or practical means of access, except across the walk, to the driveway. But it is to be noted that the driveway does not extend to the defendant's premises. It ends at the easterly branch of the concrete walk. It is entirely separated from the defendant's lot by the concrete walk. The construction of the walk showed that it was intended for foot travel, and there is nothing to show that any portion of the walk was ever used for vehicular travel until the defendant used it as a driveway for automobile travel. The servient estate cannot be burdened to a greater extent than was contemplated or intended at the time of the grant, and the defendant would have no right to use the way for a purpose that was obviously inconsistent with the nature and condition of the premises over which she had a right of passage and unwarranted by the terms of the grant, which was manifestly limited to the reasonable use of a right of way

which then consisted of a foot walk and a driveway as they were then constructed and located upon the servient estate. Whether the use of the walk for automobile traffic, in the absence of anything in the grant permitting such use, was, in all the circumstances, a reasonable use of the walk was largely a question of fact. *Rowell* v. *Doggett*, 143 Mass. 483. *Crosier* v. *Shack*, 213 Mass. 253. *Home Investment Co.* v. *Iovieno*, 243 Mass. 121. *Barrett* v. *Duchaine*, 254 Mass. 37. It is plain from the findings of the master that the walk as constructed was not sufficiently strong to sustain automobile traffic and that it was laid out solely for foot travel to the houses of the plaintiff and the defendant. He properly found that the operation of an automobile over the walk to and from the defendant's garage was an unreasonable use of the walk. We think that such use of the walk for a driveway surcharged the easement granted and was properly restrained by injunction. *Swensen* v. *Marino*, 306 Mass. 582. *Hewitt* v. *Perry*, 309 Mass. 100.

Furthermore, the defendant cannot reach her property by automobile after leaving the gravel driveway without driving over the grass plot which undoubtedly lies wholly outside any right of way for either foot or vehicular travel. She shows no right to make such use of the plaintiff's premises. An injunction is an appropriate remedy to enjoin repeated trespasses, even though no substantial damage is thereby incurred by the landowner. *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230. *Congregation Beth Israel* v. *Heller* 231 Mass. 527. *Geragosian* v. *Union Realty Co.* 289 Mass. 104. *Ferrone* v. *Rossi*, 311 Mass. 591.

There is nothing contained in the report to indicate any parking of automobiles upon the right of way subsequent to the erection of the garage, and neither is there anything to indicate that the defendant intends hereafter to make such use of the way. It was unnecessary on this record to enjoin the defendant from parking upon the walk or the driveway. *Rosenthal* v. *Shepard Broadcasting Service, Inc.* 299 Mass. 286. *Gilbert* v. *Repertory, Inc.* 302 Mass. 105. *Lydia E. Pinkham Medicine Co.* v. *Gove*, 303 Mass. 1, 14. *Shaw* v. *Harding*, 306 Mass. 441.

The final decree must be modified by striking out the words "for the storing or parking of automobiles or other vehicles, or" and as modified must be affirmed.

*Ordered accordingly.*