484 P.2d 1187

**UTAH POWER & LIGHT COMPANY, a corporation, Plaintiff and Respondent,**

v.

**George F. L. BISHOP et al., Defendants and Appellants.**

No. 12208.

Supreme Court of Utah.

May 10, 1971.

George K. Fadel, Bountiful, for appellants.

Allan J. Moll, W. O. Darley, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff filed two cases in the District Court for Davis County, requesting the court to declare that it had valid and subsisting rights in certain easements and restraining the defendants from interfering with the plaintiff's use thereof. After a pretrial was held in the court below, the court determined that there were no issues of fact to be tried except as to an issue of damages raised by the defendant, Ruby A. Olsen, and to that matter the issue was reserved for a separate trial. The trial court was of the opinion that the plaintiff was entitled to exercise in the year 1968 the easement rights granted to it by certain deeds, and accordingly entered a summary judgment in favor of the plaintiff. The defendants are here seeking a reversal of that judgment.

During the years 1913 and 1914 the predecessors in interest and title of the defendants by written conveyances granted to the predecessor of the plaintiff easements for the purpose of constructing and maintaining lines for the transmission of electrical energy. Each of the instruments described by metes and bounds a strip of property 150 feet wide, which strip traversed the lands of the grantors and provided that one or more towers could be erected on each parcel. One transmission line was constructed in 1914, and in 1968 the plaintiff undertook to construct a second transmission line, and these proceedings ensued.

The defendants here contend that the grants executed in the years 1913 and 1914 granted to the plaintiff a right-of-way for the purposes of establishing and maintaining a line or lines for the purpose of transmitting electric or other power, but did not permit the plaintiff to construct a second line in 1968. The defendants further claim that the building of a transmission line in the year 1914 was the only line contemplated by the grantors and the grantee, and a proper construction of the language of the grants limited the use to the building of one line only.

So far as we can ascertain there are no times specified in the grants during which the grantee was required to exercise the rights granted to it.[1] We are of the opinion that the grants of the easement for the purposes specified in each instrument are in perpetuity, and that the uses are limited only to the property described in the instruments and to the number of towers specified therein. We know of no rule which would prohibit the grant of an easement to be enjoyed in the future.

We find no limitations in the grants executed by the defendants' predecessors in ownership, and the grants having been duly recorded, defendants had actual or constructive notice of the easements, and it would appear that the plaintiff was entitled to construct a second transmission line over the property in question, subject only to the limitations above mentioned.

The decision of the trial court is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. Patterson v. Chambers' Power Co., 81 Or. 328, 159 P. 568; Laux v. Freed, 53 Cal.2d 512, 2 Cal.Rptr. 265, 348 P.2d 873; Randall v. Grant, 210 Mass. 302, 96 N.E. 672; Cox v. Glenbrook Co., 78 Nev. 254, 371 P.2d 647; 3 A.L.R.3d 1262.