ROSE MICHAELSON & another[1] *vs.* ZENA NEMETZ & another.[2] May 7, 1976. 1. The right of way in question (way) appears to have been created by express grants (e.g., "with the right to use the passageway . . . for all purposes for which a driveway may be used"; "subject to and with the benefit of the right to use the passageway . . . for all purposes for which passageways are commonly used in the City of Cambridge") which (for all that appears) were silent as to the uses to which any of the dominant tenements might be put (see *Randall* v. *Grant,* 210 Mass. 302, 304 [1911]; *Doody* v. *Spurr,* 315 Mass. 129, 133 [1943]; *Tehan* v. *Security Natl. Bank,* 340 Mass. 176, 182 [1959]; Restatement, Property § 484 [1944]) and which contained no express limitation on the frequency with which the way could be used by those entitled to use it. Accordingly, the only limitation on the frequency of use of the way by

   [1] Lawrence Michaelson.

   [2] Riverside-Cambridgeport Community Corporation.

Rescript Opinions.

the defendants (or by those properly claiming under them) as a means of access on foot (see par. 12 of the complaint) or by automobile (see *Marden* v. *Mallard Decoy Club, Inc.* 361 Mass. 105 [1972], and cases cited) to and from River Street and the 260 car garage being constructed on what the master referred to as Lot 6 was (and is) that such frequency be reasonable (*Swensen* v. *Marino,* 306 Mass. 582, 585-586 [1940]; *Hodgkins* v. *Bianchini,* 323 Mass. 169, 173 [1948]; *Tehan* v. *Security Natl. Bank, supra,* at 182) as matters of fact and law (*Swensen* v. *Marino, supra,* at 584-585, 586; *Hodgkins* v. *Bianchini, supra,* at 173, 175). Although it is open to inference that the way will be used by an increased number of persons (as to which see *Baldwin* v. *Boston & Maine R.R.* 181 Mass. 166, 169-170 [1902]; *Guleserian* v. *Pilgrim Trust Co.* 331 Mass. 431, 436 [1954]), the master's report is completely silent as to the frequency with which the way will be used (and as to the hours of such use) once the garage is completed, and on this record we are in no position to say that such frequency (or hours) will be unreasonable as matter of law. Compare *Hodgkins* v. *Bianchini, supra,* at 173. 2. For the same reason there is no basis for the plaintiffs' contention that the use of the way by the defendants (or by those properly claiming under them) will constitute a nuisance (contrast *Swenson* v. *Marino, supra,* at 587) or will result in any actual obstruction of the plaintiffs' right to use the way. 3. It does not appear from the pleadings or from the master's report that any question was raised or litigated below as to the right (if any) of the defendants (or those properly claiming under them) to use the way as a means of access to or egress from any portion of the land now owned by the defendants to which the way has never been appurtenant (see *Murphy* v. *Mart Realty Co. of Brockton, Inc.* 348 Mass. 675, 678-679 [1965], and cases cited). 4. The judgment is to be modified so as to: (1) specifically name as the defendants therein the individual and the corporation specifically identified in paragraph 3 of the complaint and in paragraph 1 of the counterclaim (see *McCormack* v. *Labor Relations Comm.* 358 Mass. 682, 684-685 [1971]; *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 721 [1974]); (2) contain easily comprehended and self-sufficient descriptions of the locations and boundaries of (a) the way and (b) the parcels owned by Rose Michaelson and by the defendants which the master referred to as Lots 2 and 6, respectively (see exhibit A to the complaint and exhibit 2 to the master's report); (3) describe correctly the respective rights of Rose Michaelson and the defendants in and to the fee of the way (see pars. 1 and 3 of the master's ultimate findings); and (4) expressly provide that the defendants (and those properly claiming under them) have the right to use the way with reasonable frequency as a means of access on foot and by automobile to and from River Street and the garage to be (or already) constructed on said Lot 6 (as to be described pursuant to [2] above). As so modified the judgment is affirmed.

*So ordered.*

*Leon J. Lombardi* for the plaintiffs.
*Eugene L. Tougas,* for the defendants, submitted a brief.